UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY SMITH AND JAMES ENSLEY,

                Plaintiffs,                    **COMPLAINT AND JURY DEMAND**

          -against-

THE CITY OF NEW YORK, Police Officer JOHN
DOE ONE through TEN in their individual and
official capacities as employees of the City of
New York,

                Defendants.
-----------------------------------------------------------X

      The Plaintiffs, ANTHONY SMITH AND JAMES ENSLEY, by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

### INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

      2.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiffs, violating their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiffs. It is further alleged

that these violations and torts were committed as a result of policies and customs of the City of New York.

3.     Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.     Plaintiffs filed a Notice of Claim on or about June 20, 2016.

5.     Plaintiffs testified at the 50-H hearing on or about September 12, 2016.

6.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

7.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

8.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.   Plaintiffs requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiffs' federal claims.

## VENUE

9.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **PARTIES**

10.     Plaintiff ANTHONY SMITH ("Mr. Smith") is a resident of the Bronx County in the City and State of New York and of proper age to commence this lawsuit.

11.     Plaintiff JAMES ENSLEY ("Mr. Ensley") is a resident of Queens County in the City and State of New York and of proper age to commence this lawsuit.

12.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13.     At all times relevant defendants John Doe One and Ten were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John Doe One and Two.

14.     At all times relevant times herein, defendants John Doe One and Ten were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John Doe One and Ten are sued in their individual and official capacities.

15.    At all times relevant herein, defendants John Doe One and Ten either directly participated or failed to intervene in the violation of plaintiffs' rights.

16.    At all times relevant herein, all individual defendants were acting under color of state law.

17.    The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

18.    The City was at all material times the public employer of defendant officers named herein.

19.    The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

### FACTUAL ALLEGATIONS

20.    Plaintiffs are African-American males.

21.    On or about March 22, 2016, at approximately 10:40 pm, plaintiff JAMES ENSLEY was visiting plaintiff ANTHONY SMITH who resides at 694 East 149th Street, in the County of the Bronx, City and State of New York.

22.    Plaintiffs got together to celebrate Mr. Ensley's birthday.

23.    Plaintiffs were outside of the building sitting on the benches.

4

24.     At some point plaintiffs went to buy some food at a nearby store.

25.     Upon their return, plaintiff Smith went back to his apartment to cook some food for one of his friends, while plaintiff Ensley remained in the lobby.

26.     When plaintiff Smith finished cooking and went back to the lobby, several defendant officers wearing street clothes approached and arrested plaintiffs.

27.     The defendants then told plaintiffs that they were arrested because of an ongoing robbery investigation.

28.     The plaintiffs denied their involvement in any robbery.

29.     Plaintiff SMITH has several readily observable tattoos on his face including tattoos of stars, heart, and a cross, all on his face and as such the defendants should have known that plaintiff Smith was not the individual they were searching for.

30.     The defendants disregarded plaintiffs' explanations and proceeded with an unwarranted arrest.

31.     The defendant officers dragged plaintiffs to an awaiting police vehicle and transported plaintiffs to the 40th Precinct.

32.     At the precinct, Plaintiffs were unlawfully stripped-searched.

33.     Defendants did not find any weapons or contraband on plaintiffs.

34.     Plaintiff were then separated and interrogated for some time.

35.     Upon completion of their interrogations, plaintiffs remained arrested for several additional hours.

36.    At some point the defendants transported the plaintiffs to the Bronx Central Booking and were released through the back door.

37.    At no point did the officers observe plaintiffs committing any crimes or offenses.

38.    The Bronx District Attorney's office declined to prosecute this matter.

39.    All of the above was done in violation of state and federal law.

40.    The conduct of the defendant officers in falsely arresting plaintiffs and assaulting the plaintiffs directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

41.    As a direct and proximate result of the said acts of the defendant officers, the plaintiffs suffered the following injuries and damages:

    i.  Violation of their constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

    ii.  Loss of their physical liberty;

42.             The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiffs:

    i.  Freedom from the unreasonable seizure of their persons;

## FIRST CLAIM
### Federal False Arrest

43.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

45.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.


## SECOND CLAIM
### State Law False Imprisonment and False Arrest

46.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47.    By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

48.    Plaintiffs were conscious of their confinement.

49.    Plaintiffs did not consent to their confinements.

50.    Plaintiffs' confinement was not otherwise privileged.

51.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### THIRD CLAIM
**State Law Assault and Battery**

53.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54.     Plaintiffs did not consent to being touched, let alone being handcuffed.

55.     Defendants were not privileged to touch or handcuff plaintiffs without their consent.

56.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

57.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### FOURTH CLAIM
**Unlawful Strip Search**

59.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

61.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged

**FIFTH CLAIM**
**Negligent Hiring/Training/Retention/Supervision Of**
**Employment Services**

62.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63.     Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

64.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

67.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

**SIXTH  CLAIM**
**Failure To Intervene**

68.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

69.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

71.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs requests that this Court:

(a)     Award compensatory damages against the defendants, jointly and severally;

(b)     Award punitive damages against the individual defendants, jointly and severally;

(c)     Award costs of this action to the plaintiffs;

(d)     Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e)     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a jury trial.

DATED:      June 9, 2017

            Brooklyn, New York

                              _____
                              Amy Rameau, Esq.

                              The Rameau Law Firm
                              16 Court Street, Suite 2504
                              Brooklyn, New York 11241
                              Phone: (718) 852-4759
                              rameaulawny@gmail.com

                              *Attorney for Plaintiffs*


TO:         All  Defendants
            Corporation Counsel  of the  City of New York

11